UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**KEENAN ELLIOTT**                                                                                  **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 1:14CV-P123-GNS**

**CAUSEYS JUNKYARD AND AUTO PARTS** *et al.*                    **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A of Plaintiff Keenan Elliott's *pro se* complaint. For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff filed his action on a form for filing a civil-rights action under 42 U.S.C. § 1983. As Defendants, he names Causeys Junkyard and Auto Parts and its owner/manager; "(Warren Co, State City) Bowling Green Ky 42101 These people Hire Causeys Through Contract"; and the Warren County Attorney's Office, "Contract Holder." He sues Defendants in their individual and official capacities.

Although Plaintiff filed his action on a § 1983 civil complaint form, as his statement of claims, he inserts a typewritten document titled "CRIMINAL COMPLAINT." Therein, he states, in part, as follows:

> I, Keenan Elliott, ask that Causeys Junkyard be liable for unlawfully taking a $15,000 zero turn lawn mower. Causeys Towing Services in 2009 hauled a lawnmower on a trailer that was hooked to my [] truck. My girlfriend financed the lawnmower . . . . This was a new purchase. However, our finances are combined and since her lawnmower was on my trailer and attached to my truck when it was stolen I feel the obligations to file a criminal complaint.

> I have tried to get this lawnmower.  When my girlfriend, Lillie Mason, called Causey's Junkyard to try and retrieve the lawnmower we learned that the Junkyard had sold my truck back to the person that I financed the truck from for $125 (the outstanding balance of what I owed for the truck) and also the trailer to it's owner Mr. Lawrence.  When my girlfriend asked for the price of my lawn mower, she was told $425 she asked why so high, she was told by the manager to stop bitching . . . .

Plaintiff indicates that he wants to "place wherever charges that fits this crime against Causey's Junkyard."  He also inserts a handwritten document indicating that he wants Defendants "held on these charges of my Personal Property" and lists racketeering, robbery, and extortion.

In addition to seeking charges being brought against Defendants, Plaintiff fills out the "Relief" section of the § 1983 form and indicates that he seeks monetary and punitive damages and an injunction returning the lawn mower "to Lillie Mason (owner)."

To the complaint, Plaintiff attaches a letter that he sent to the Warren County Attorney asking her for her advice and assistance in getting the property returned and with other matters. He also attaches two responses from the Warren County Attorney in 2014, wherein she advises that if Plaintiff believes a crime has been committed, he needs to contact a police agency and have an investigation conducted and that, given the value of the property, he should contact the Commonwealth Attorney's Office.

## II.  ANALYSIS

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Criminal Complaint

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also*

3

*United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's criminal complaint must be dismissed.

### B. Section 1983

#### 1. Lillie Mason's Claims

As a preliminary matter, to the extent Plaintiff is seeking to bring claims on behalf of his girlfriend, Lillie Mason, he is prohibited from doing so. "Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Consequently, any claims Plaintiff brings on behalf of Lillie Mason will be dismissed without prejudice.

#### 2. Plaintiff's Claims

To the extent Plaintiff may be trying to bring constitutional claims against Defendants under § 1983, his claims fail.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff does not indicate that Warren County or the Warren County Attorney directed Causeys Junkyard and Auto Parts to haul his truck and trailer. Thus, it does not appear that Defendant Causeys Junkyard and Auto Parts or its owner/manager are state actors subject to suit under § 1983. Regardless, any constitutional claims Plaintiff may be trying to bring against Defendants arising out of the 2009 towing incident are time-barred because he did not file the instant action until 2014, four years after expiration of the one-year statute of limitations. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990) ("[S]ection 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a).").

Finally, to the extent Plaintiff is complaining that the Warren County Prosecutor failed to press charges, the prosecutor is entitled to prosecutorial immunity. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("In this role, a prosecutor is unquestionably functioning as an advocate for the state in the judicial process, and absolute immunity is fully justified because the integrity of the judicial system depends in large part upon a prosecutor's ability to exercise independent judgment in deciding whether and against whom to bring criminal charges.").

Therefore, Plaintiff's § 1983 claims must be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### III.  CONCLUSION

For all of the foregoing reasons, the Court will dismiss the action by separate Order.

Date: January 29, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4416.005